**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4248**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

NANA BARTELS-RIVERSON,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:12-cr-00005-JKB-1)

———————————

Submitted: October 17, 2013      Decided: November 14, 2013

———————————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

———————————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

William L. Welch, III, Baltimore, Maryland, for Appellant. Kenneth Sutherland Clark, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nana Bartels-Riverson appeals his conviction and seventy-one-month sentence imposed following his guilty plea to possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006), and interstate transport of stolen motor vehicles, in violation of 18 U.S.C. § 2312 (2006). On appeal, Bartels-Riverson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court should have imposed a lower sentence. Bartels-Riverson was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss Bartels-Riverson's appeal based on the appellate waiver provision of his plea agreement. For the reasons that follow, we grant the Government's motion in part, deny the motion in part, dismiss in part, and affirm in part.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013), cert. denied, No. 12-10514, 2013 WL 2370444 (U.S. Oct. 7, 2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 196 (2012). A defendant's waiver is

2

valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

"Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately is evaluated by reference to the totality of the circumstances." United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012) (internal quotation marks omitted). Relevant considerations include "the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." Thornsbury, 670 F.3d at 537 (internal quotation marks omitted). "[A] waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." Manigan, 592 F.3d at 627 (internal quotation marks omitted).

Here, the court specifically advised Bartels-Riverson of the terms of his appeal waiver and ensured that he understood the terms of his plea agreement, including the waiver provision. Our review of the record reveals that, under the totality of the circumstances, Bartels-Riverson knowingly and voluntarily waived his appellate rights. Thus, the waiver is valid and enforceable as to issues within its scope.

Under the broad language of the appellate waiver provision, Bartels-Riverson forfeited all rights to appeal both his conviction and sentence. An appellate waiver does not preclude certain non-waivable challenges, however, such as challenges to a sentence above the statutory maximum or based on a constitutionally impermissible factor such as race, appeals of the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or claims related to violations of the right to counsel in proceedings following entry of the guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Neither Bartels-Riverson nor his counsel have raised these issues, and our review of the record discloses no such non-waivable challenge.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues that fall outside the scope of the waiver. We therefore grant the Government's motion to dismiss in part, and dismiss the appeal as to all waivable challenges to Bartels-Riverson's conviction and sentence. We deny the motion to dismiss in part and affirm as to all non-waivable challenges.

We also deny without prejudice counsel's motion to withdraw. This court requires that counsel inform Bartels-Riverson, in writing, of the right to petition the Supreme Court of the United States for further review. If

4

Bartels-Riverson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew in this court his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bartels-Riverson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART